By the Court.
The relator, Claude J. Minor, seeks a writ of mandamus to compel the deputy supervisors and inspectors of elections for Erie county to place his name upon the official ballots as an independent candidate for the office of prosecuting attorney of Erie county, Ohio, to be voted on at the general election to be held on the second of November, 1920.
The petition avers that on the second of September last he filed a petition as an independent candidate for that office with the clerk of the board; that the petition contained a sufficient number of .signatures of qualified electors, and, in accordance with the provisions of law, said qualified electors of Erie county did nominate him as an independent candidate for the office referred to; that the petition was properly sworn to and was in accordance with the laws of the state; that within five days thereafter one Baumgartel filed written objections to said *384 petition; that no notice was ever given to relato'r, as provided by Section 5008, General Code, and he was never notified of such objections; that, thereafter, on about the 10th of September, he was notified by telephone that a hearing would be given him on Friday, the 17th of September, and that' he could be accompanied by counsel at the hearing if he so desired; that prior to said day, to-wit, on the 15th of September, the said defendants met in executive session, without notice to relator, and found that the petition of relator was not according to law; that relator was not notified of said action except through the public press; and that no minutes of the action of the board have ever been written, and, therefore, relator is unable to state the exact reasons for the action of the board. He further avers that he appeared on the 17th of September at the office of the board and found no one present but the clerk, and that the board was not in session.
After making some specific admissions, the first defense- of the answer is in the nature of a general denial. In the second defense it is alleged that the relator verbally waived written notice, provided for by statute, of the objections, as required by statute. For a third defense it is averred that on the second of September the relator filed six separate papers, each designated “Nomination by petition, independent candidate;” that none of the papers was attached in any way to any of the others; that on none of them were the names and addresses of persons whom the signers desired as a committee to fill vacancy caused by death or withdrawal; that there *385 after the relator placed on one of the petitions the names of five persons, with their addresses, as such committee; that no names appear or have ever been placed on any of the other five of said papers; and that on the paper on which the names of said persons who were to act as said committee were written are but thirty-nine signatures, which is less than one per cent, of the number of persons who voted at the next preceding general election of the county, and that no other or further papers containing the signatures of electors have been filed by the relator with the board. For the fourth defense, it is alleged that the board on consideration of the objections did decide that they were well taken, and that the nomination papers were insufficient in law, and that it was their duty to decline to place the name of the relator on the ballot for the office referred to; that said finding and decision were made by them in the capacity of said board in the exercise of the authority and power conferred by Section 5006, General Code.
For reply the relator admits that he filed the six separate papers referred to in the answer and that there appear on none of said papers names and addresses of persons desired as such committee, and that, after referring to Section 5000, General Code, and learning that the petition should contain the names and addresses of five persons as such committee, relator, thereupon, acting as agent for the signers, did place the names of five persons and their addresses on said nominating petition, and did refile the said nomination petition, all parts of which *386 were attached by the clerk of the board by means of a wire paper-clip.
The reply sets out in great detail further particulars with reference to his own action, and the action of the board in the rejection of the petition for the reasons stated.
An alternative writ was issued on the order of a judge of this court and the cause was thereafter submitted to the court on the pleadings and evidence. On the trial the original petitions, and the slip with the five names referred to, which was attached, were produced and received as an exhibit.
Section 5000, General Code, provides that “Signers of such nomination papers shall insert in them the names and addresses of such persons as they desire to the number of five as a committee who may fill vacancies caused by death or withdrawal.”
The purpose of this section is manifest. Its provisions are mandatory, and in order that the defendant supervisors should have authority to place the name of the relator on the ballots it was necessary that the signers of the nomination papers should comply with this mandatory requirement. Of course it is clear from the “Exhibit” referred to, and from the admissions of the pleadings, that there was no compliance with this statutory prerequisite. Therefore the writ prayed for must be denied and the petition dismissed.

Writ denied.

Jones, Matthias, Johnson and Avery, JJ., concur.
Robinson, J., not participating.